# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HIGHMARK, INC., a Pennsylvania Corporation,<br><br>Defendant. | Case No. 2:23-cv-00250-NR<br><br>CLASS ACTION – JURY TRIAL DEMANDED |
| CAITLYN WARUSZEWSKI, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HIGHMARK HEALTH,<br><br>Defendant. | Case No. 2:23-cv-00276-NR<br><br>CLASS ACTION – JURY TRIAL DEMANDED |
| KEVIN HARRISON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HIGHMARK, INC.,<br><br>Defendant. | Case No. 2:23-cv-00278-NR<br><br>CLASS ACTION – JURY TRIAL DEMANDED |

| | |
|---|---|
| WENDY MARSHALL, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>HIGHMARK, INC., a Pennsylvania Corporation,<br><br>       Defendant. | Case No. 2:23-cv-00290-NR<br><br>CLASS ACTION – JURY TRIAL DEMANDED |
| BARARA STEETLE, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>HIGHMARK, INC., a Pennsylvania Corporation,<br><br>       Defendant. | Case No. 2:23-cv-00362-NR<br><br>CLASS ACTION – JURY TRIAL DEMANDED |
| ANGELA HOLLANDSWORTH, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>HIGHMARK HEALTH,<br><br>       Defendant. | Case No. 2:23-cv-00376-NR<br><br>CLASS ACTION – JURY TRIAL DEMANDED |

| | |
|---|---|
| DIANA AINSWORTH-HOLLY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HIGHMARK, INC., a Pennsylvania Corporation,<br><br>Defendant. | Case No. 2:23-cv-00428-NR<br><br>CLASS ACTION – JURY TRIAL DEMANDED |
| DAVID ZIMMERMAN; and CHANNELLE ZIMMERMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HIGHMARK, INC.,<br><br>Defendant. | Case No. 2:23-cv-00462-NR<br><br>CLASS ACTION – JURY TRIAL DEMANDED |

**ORDER ON PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES AND SCHEDULE THE FILING OF PLAINTIFFS' MOTIONS FOR LEADERSHIP**

This matter is before the Court on the Motion of Plaintiffs in the above captioned actions to consolidate such actions, establish a briefing schedule for firms or firm coalitions to submit interim lead counsel applications, and schedule a hearing for motions for leadership.

Having reviewed the Motion the Court finds that consolidation of the actions is appropriate pursuant to Federal Rule of Civil Procedure 42(a).

Accordingly, **IT IS ORDERED** that:

1. The following eight putative class action cases now pending in this district are consolidated into a single action: (1) *Doe* v. *Highmark, Inc.*, No. 2:23-cv-00250-NR; (2)

3

*Waruszewski v. Highmark Health*, No. 2:23-cv-00276-NR; (3) *Harrison v. Highmark, Inc.*, No. 2:23-cv-00278-NR; (4) *Marshall v. Highmark, Inc.*, No. 2:23-cv-00290-NR; (5) *Steetle v. Highmark, Inc.*, No. 2:23-cv-00362-NR; (6) *Hollandsworth v. Highmark Health*, No. 2:23-cv-00376-NR; (7) *Ainsworth-Holly v. Highmark, Inc.*, No. 2:23-cv-00428-NR; and (8) *Zimmerman, et al. v. Highmark, Inc.*, No. 2:23-cv-00462-NR.

2. All papers filed in the Consolidated Action shall be filed under *Doe,* Case No. 2:23-cv-00250-NR, and shall bear the following caption:

| | |
|---|---|
| JOHN DOE, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>HIGHMARK, INC., a Pennsylvania Corporation,<br><br>    Defendant.<br><br>This Document Relates To:<br><br>_____ | Master File No. 2:23-cv-00250-NR |

3. The case file for the Consolidated Action will be maintained under Master File No. 2:23-cv-00250-NR. When a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, for example, "2:23-cv-00278-NR (*Harrison*)."

4. Any action subsequently filed, transferred, or removed to this Court that arises

4

out of the same or similar alleged facts as the Consolidated Action will be consolidated with it for pre-trial purposes. The parties shall file a notice whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If the Court determines that the case is related, the clerk shall:

    a. place a copy of this Order in the separate file for such action;

    b. serve on Plaintiffs' counsel in the new case a copy of this Order;

    c. direct that this Order be served upon defendants in the new case; and

    d. make the appropriate entry in the Master Docket.

5. Any attorney who has filed a Related Action or any other action arising out of the same or similar alleged facts now pending or hereafter filed in, removed to, or transferred to this District, may file an application for appointment as interim class counsel or other designated counsel either individually or as part of a proposed leadership structure. All applications must be filed, using the Court's CM/ECF system, in the Master File No. 2:23-cv-00250-NR, no later than April 23, 2023. Each attorney's or proposed leadership structure's application shall address the factors set forth in Fed. R. Civ. P. 23(g) or other relevant factors and may include a firm resume. No responses will be permitted without leave of the Court. The Court may hold a hearing on the applications or appoint interim counsel or other designated counsel based on timely written submissions only.

6. Plaintiffs shall file a Consolidated Complaint no later than forty-five (45) days following entry of an order appointing interim class counsel or other designated counsel.

7. Defendant shall have forty-five (45) days to file an answer, motion to dismiss, or otherwise respond to the Consolidated Complaint.

8. Defendant Highmark, Inc., and any additional defendants named in future Related Actions, need not file a response to the complaint in each Related Action and instead will

answer, move or otherwise respond to the Consolidated Complaint.

**IT IS SO ORDERED**

Dated: March 20, 2023                                    s/ J. Nicholas Ranjan
                                                                          J. Nicholas Ranjan
                                                                          United States District Judge